Morton B. Silberman, J.
This is a taxpayers’ action (General Municipal Law, § 51). The object of the action is to enjoin the Village of Sloatsburg from expending public funds for improvements and additions to certain buildings owned by the village and used for library purposes. The basis upon which such relief is sought is a claim that the village is not possessed of a valid and marketable title to the subject real property and that, therefore, any expenditures for additions and/or improvements thereto would constitute a "waste” of public funds.
At this procedural juncture, plaintiff has moved for an injunction pendente lite. Upon oral argument of plaintiff’s said motion, the attorneys for all parties conceded that no factual issues exist and joined in a request that the court treat plaintiff’s within motion as one for summary judgment. The dispositive facts are as follows:
The village acquired title to the subject real property in September, 1974, under a conveyance by the Board of Managers of the Diocesan Missionary and Church Extension Society of the Protestant Episcopal Church in the Diocese of New York (hereinafter "grantor”). It is plaintiff’s contention that such conveyance is void and of no effect, because the grantor is a religious corporation and failed to obtain leave of the court prior to making such conveyance (see Religious Corporations Law, § 12). The cited section states, in part, that "[a] religious corporation shall not sell * * * any of its real property without applying for and obtaining leave of the court therefor”. In my judgment, the grantor is exempt from the requirements of the foregoing section.
The grantor is a religious corporation founded in 1912, and created by special act of the Legislature (L 1912, ch 153, as amd by L 1947, ch 319, and L 1949, ch 726). Section 1 of the special act conferred upon the grantor the following powers, among others: "to purchase, take by gift, grant, devise or bequest, and hold real and personal property, to such amount, and yielding such income, and subject to such other restrictions as from time to time shall be prescribed by law with regard to charitable corporations organized under the general laws of this state; and to sell, mortgage, lease or otherwise dispose of the same at their will and pleasure [emphasis added].”
It is thus clear that although the Legislature expressly subjected the grantor’s power to acquire and hold real and *391 personal property to the "restrictions * * * prescribed by law with regard to charitable corporations organized under the general laws of this state” no similar restriction was imposed upon the grantor’s power to dispose of its real and personal property. To the contrary, the special act expressly authorizes the grantor to dispose of its real and personal property at its "will and pleasure.” Under familiar principles of statutory construction, the general provisions of section 12 of the Religious Corporations Law must yield to the provisions of the special act whereby the grantor came into corporate existence (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 397).
In passing, it is noted that this action is properly subject to dismissal for plaintiff’s failure to furnish an undertaking (see General Municipal Law, § 51).
Accordingly, (1) plaintiffs motion for an injunction pendente lite is hereby denied; (2) defendants’ "cross motion” for summary judgment is granted; (3) defendants shall have judgment dismissing the complaint, with costs, and declaring that the Diocesan Missionary and Church Extension Society of the Protestant Episcopal Church in the Diocese of New York is exempt from the provisions of subdivision 1 of section 12 of the Religious Corporations Law and that, therefore, the subject conveyance is not rendered invalid by noncompliance therewith; (4) and the clerk is directed to enter judgment accordingly.