■ VISTA DEVELOPERS CORP., Appellant, v BOARD OF MANAGERS OF THE DIOCESAN MISSIONARY AND CHURCH EXTENSIONS SOCIETY OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF NEW YORK, Respondent. [25 NYS3d 73]—

Order, Supreme Court, New York County (Melvin L.

Schweitzer, Ct. Ref.), entered March 25, 2015, which granted defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaims, declared that, among other things, plaintiff defaulted under a contract to purchase real property, entitling defendant to retain the down payment paid thereunder as liquidated damages, and dismissed, as moot, plaintiff's motion for summary judgment, and orders, same court (Jeffrey K. Oing, J.), entered May 12, 2014, which, among other things, denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

This action arises from a failed contract for the purchase of a multifamily property owned by defendant. Plaintiff buyer refused to close without prior court approval of the sale. The motion court correctly determined that defendant was not required to obtain such approval.

Defendant is a not-for-profit corporation created by a special act of the Legislature in 1912 (L 1912, ch 153, as amended). While the Special Act limits defendant's ability to purchase real property, it places no limit on its ability to sell or otherwise dispose of the property (*see id.*). "Under familiar principles of statutory construction, the general provisions of section 12 of the Religious Corporations Law," which require, among other things, that court approval be obtained prior to the sale of real property owned by a religious corporation (*see* Religious Corporations Law § 12 [1]), "must yield to the provisions of the special act whereby the [defendant] came into corporate existence" (*Bush v Bush*, 91 Misc 2d 389, 391 [Sup Ct, Rockland County 1977]; *see also Diocese of Buffalo v McCarthy*, 91 AD2d 213, 217 [4th Dept 1983], *lv denied* 59 NY2d 605 [1983]). Accordingly, even assuming, without deciding, that defendant is a "religious corporation" within the meaning of the Religious Corporations Law (*see* Religious Corporations Law § 2), the motion court correctly determined that it is not subject to the law's mandate that it obtain leave of court before selling its real property.

Nor was prior court approval for the sale required by Not-For-Profit Corporation Law § 510, as defendant established, via the submission of financial statements and affidavits from its secretary and certified public accountant, that the premises did not compromise "all, or substantially all," of its assets (N-PCL 510 [a]).

Nor did the parties' contract require prior court approval for the sale. The rider to the contract made the sale "contingent upon [defendant] obtaining [court] approval, pursuant to the Religious Corporations Law and the Not-For-Profit Corpora-

tion Law . . . *if required*" (¶ 25 [emphasis added]). As noted, plaintiff failed to show that court approval was required by those laws. Nor did he show that court approval was required to obtain insurable and marketable title.

Given the foregoing determination, plaintiff had no lawful excuse for failing to close on the scheduled time-of-the-essence closing date. Accordingly, the motion court correctly determined that plaintiff had defaulted under the terms of the contract, entitling defendant, which appeared ready, willing and able to close at the scheduled time, to retain the down payment as liquidated damages. Concur—Mazzarelli, J.P., Acosta, Andrias and Moskowitz, JJ.